## James A. Hickey, Appellee, v. Edwin L. Reed & Company, Appellant.

### Gen. No. 20,254.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S.
LABUY, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1914. Affirmed. Opinion filed January 27, 1916.

### Statement of the Case.

Action by James A. Hickey, plaintiff, against Edwin
L. Reed & Company, defendant, in the Municipal
Court of Chicago, to recover on a written contract
whereby defendant hired plaintiff to go to Indian-
apolis to work for a street car company during the
continuance of a strike there. To reverse a judgment
for plaintiff, defendant prosecutes this writ or error.

The contract provided that he was to receive three
dollars a day, board, lodging and transportation. Ap-
parently the men taken to Indianapolis merely re-
ported for work and were ready to take out cars when
ordered. It was admitted that plaintiff reported Sat-
urday and Sunday after arriving in Indianapolis. The
defendant's assistant superintendent testified that he
discharged plaintiff next day, and is corroborated by
other employees of the defendant. Plaintiff testified
that he reported every day during the strike, and was
regularly checked, and is corroborated by one fellow-
employee. Defendant's superintendent testified that
beginning with Monday, no check mark appeared after
plaintiff's name; that a cross was then placed after
plaintiff's name, and the notation ''open number.''
The timekeeper testified that an employee was checked
when he presented his card; that the sheets offered in
evidence were carbons of the originals; that the checks
were not put on the sheets before the parties came to
the barn; and that where a man did not report, a

cross was placed after his name. Examination of the carbon sheets showed that plaintiff was regularly checked each day in identically the same manner as other employees. A vertical mark appeared through these check marks, and the notation "open number" appeared in lead pencil. The vertical marks did not appear to be made by an impression through the carbon paper, but to have been made some time after the original entry.

Gardner, Foote & Burns, for appellant; Orville J. Taylor, Jr., of counsel.

Thomas F. Dow, for appellee.

Mr. Justice Goodwin delivered the opinion of the court.

## Abstract of the Decision.

1. Contracts, § 387*—*when evidence sufficient to sustain finding as to performance of contract for personal services.* In an action to recover under a written contract whereby defendant employed plaintiff to go to Indianapolis to work for a street car company during a strike, defendant claimed plaintiff was discharged two days after arriving at Indianapolis, but plaintiff claimed that he reported for work every day during the continuance of the strike and was checked by defendant's timekeeper, and defendant introduced carbon copies of its time sheets which showed that plaintiff was checked each day, as were other employees, but a vertical mark appeared through the check marks on the time sheets and the notation "open number" appeared opposite plaintiff's name in pencil, and examination of the sheets showed that the vertical marks were not made by an impression through the carbon paper but were made some time afterwards, *held* that the sheets tended to corroborate plaintiff's claim.

2. Contracts, § 384*—*when evidence sufficient to sustain judgment for expenses incurred under contract.* In an action to recover on a written contract whereby defendant employed plaintiff to go to a distant city to work for a street car company during a strike, such contract providing that plaintiff should receive board, lodging

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and transportation in addition to his wages, a judgment for plaintiff for the expense incurred in furnishing his own board and lodging while working under the contract *held* not manifestly against the weight of the evidence, which was conflicting as to whether defendant furnished suitable board and lodging as required by the contract.

3. EVIDENCE, § 139*—*when parol evidence admissible to show terms of written contract not produced.* It is not error to admit parol evidence of the terms of a written contract in the possession of defendant where proper notice was served to produce it at the trial, and where at the time of the admission of the parol evidence such notice had not been complied with.